Eugene B. Bennett and Anne A. Bennett v. Commissioner.
Bennett v. Commissioner
Docket No. 9908.
United States Tax Court
1947 Tax Ct. Memo LEXIS 233; 6 T.C.M. (CCH) 419; T.C.M. (RIA) 47105; April 24, 1947
*233 Held, that petitioner has not proved that a debt owing to him became worthless during the taxable year. Alfred W. Andrews, Esq., for the petitioners. John E. Mahoney, Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: In this case respondent has determined an income tax deficiency for 1941 in the amount of $3,274.45. The issue is whether petitioners are entitled to a bad debt deduction in the amount of $9,772.75. The parties have filed a stipulation of facts, together with attached exhibits. At the hearing, an additional exhibit of the petitioners was admitted into evidence for a limited purpose. Petitioners, husband and wife, are residents of Mountain Lake, New Jersey. They filed a joint income tax return for 1941 with the collector of internal revenue for the fifth district of New Jersey. Hereinafter, Eugene Bennett will be referred to as the petitioner. In 1935, petitioner made two loans to the Holstein-Friesian Association, a membership corporation with offices at Harrisburg, Pennsylvania. The first of these loans was in the amount of $4,850, evidenced by the Association's 90-day note dated February 1, 1935, and the second was *234 in the amount of $4,922.75, as evidenced by the Association's 90-day note dated May 1, 1935 - a total of $9,772.75. Interest payments on the above notes were made by the Association to petitioner in the amount of $182.70 in 1936, and $51.60 in 1937. These interest payments were reported by petitioner in his tax returns for those years. Petitioner's attorney, upon making inquiry of the debtor in January 1939 with respect to the payment of the debt, received a letter dated January 28, 1939, from Howard C. Reynolds, secretary and treasurer of the Association, informing him, in substance, that the debt could not then be paid; that Reynolds himself had advanced more money to the Association than had petitioner and, in addition, had given his time without compensation; that the Association's bank balance barely met current expenses; and that the employees' wages had to be cut and sometimes it was necessary to lay off employees because of lack of funds. Upon further inquiry in January 1941, petitioner received letters from Reynolds dated January 17, 1941, which were to the same general effect as his earlier letter in 1939, i.e., that the Association could not then pay the debt; that *235 if there were a forced sale of the assets, the preferred claims of the employees for wages would leave nothing for either Reynolds or the petitioner to realize upon their claims. In March 1941, petitioner's attorney made application to the Retail Credit Company of New York for a credit report on the Association and received a report dated March 17, 1941, in which it was stated that the debtor's gross annual income was about $10,000; that its tangible assets were confined to office equipment valued at about $500; that its reputation for meeting local obligations was satisfactory, and that the "firm should be able to settle this obligation, and we do not learn that anyone else is having collection difficulty with it at this time." The Holstein-Friesian Association continued in business and was still in business in December 1944. In the 1941 return, petitioner deducted as a bad debt the $9,772.75 owing to him from the Association, but respondent disallowed the deduction. Petitioner, to be entitled to the claimed deduction under section 23(k) of the Code, * had the burden to establish that the debt became worthless in the taxable year. We do not think he has discharged that burden. *236 Practically the entire evidence bearing on the question of worthlessness consists of the letters written by Reynolds, the secretary and treasurer of the debtor, in 1939 and 1941, and the credit report obtained by petitioner's attorney in 1941. The latter was admitted in evidence for the limited purpose of showing petitioner's effort to ascertain the collectibility of the debt and not to prove the truth of the facts stated therein. It therefore is of no value in establishing the fact of worthlessness. So far as the letters from Reynolds bear on the question of worthlessness, we can see no material difference between the financial condition of the debtor in 1939 and that in 1941. On the basis of these letters, it could be argued with equal support that the debt was or became worthless in 1939 rather than in 1941. We conclude that petitioner has not shown that the debt had value at the beginning of 1941, or that it became worthless during the year. *237 , . Accordingly, Decision will be entered for the respondent. Footnotes
*. 1 SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
(k) Bad Debts. - (1) General Rule. - Debts which become worthless within the taxable year; * * *↩